3:26-cv-01079-RRS-MLH

# MEMORANDUM OF LAW IN SUPPORT OF PETITION OF WRIT OF HABEAS CORPUS PERSUANT TO 28 U.S.C. § 2241



The motion to appoint counsel is denied at this time.
The court will revisit this issue if a hearing is required.
May 13, 2026

Name: **Nabeel Sadaqat**
Alien Registration No.: 221170 894
Pro Se Petitioner-Detained
Detention Center: Jackson Parish Correctional Center
Address: 287 Industrial Drive, Jonesboro, LA71251

## INTRODUCTION

1. Petitioner, **Nabeel Sadaqat**, petitions this Court for a writ of  habeas corpus to remedy Petitioner's indefinite detention by Respondents. Petitioner submit this Memorandum of Law in Support of the Petition for a Writ of habeas corpus.

2. As  the Supreme Court held in *zadvydas v. Davis*, 533 U.S. 678 (2001), noncitizens cannot be detained indefinitely if the government is unable to carry out their removal. Instead, detention after a final order of removal is authorized only when removal is reasonably foreseeable. As a guide to court, in *Zadvydas* established a presumption that detention after a final order of removal was permissible for the six months have not passed, particularly if it is clear that the United States will not be able to effect a noncitizen's removal. But after that six-month period, once a noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." And the longer a noncitizen has been detained, the stronger the government's showing must be.

3. Petitioner is entitled to release under the framework of *Zadvydas* unless the government promptly demonstrates that there is a significant likelihood of removal in the reasonably foreseeable future.

4. Petitioner respectfully requests that the Court use its authority under 28 U.S.C. §2243 to order the Respondent to file a return within three days, unless they can show good cause for additional time. *See* 28 U.S.C. §2243 (stating that an order to show cause why a petition for a writ of habeas corpus should be denied is returnable "within three days unless for good cause additional time, not exceeding twenty days, is allowed").

5. In order to permit full judicial review of the claim herein and requested relief, Petitioner respectfully requests the Court order Respondents not to transfer Petitioner outside the jurisdiction of this Court pending consideration of this Petition.

## STATEMENT OF FACTS

7. Petitioner was born in: Pakistan

8. Petitioner entered the United States on or about: 10 / 04 / 2024

9. An Immigration Judge ordered Petitioner removed from the  United States on or about: 11 / 06 / 2025

10. Regarding Appeals: "Petitioner did not file an appeal with the Board of Immigration Appeal ("BIA")."

11. Petitioner has cooperated fully with all ICE's efforts to remove Petitioner. Petitioner has cooperated with all ICE in the following ways:
    - "Petitioner has cooperated with ICE by providing information about Petitioner's country of birth and country of citizenship."
    - "Petitioner has cooperated with ICE by filling a travel document application."
    - "Petitioner has cooperated with ICE by providing photo, and other identification document."
    - "Petitioner has cooperated with ICE to sign his deportation papers."

13. Nonetheless, ICE has been unable to remove Petitioner from the United States. ICE is unlikely to remove Petitioner in the reasonably foreseeable future because:
    - "Petitioner's home country is slow in issuing a travel document"

14. Regarding Petitioner Detention: "Petitioner was detained while Petitioner's immigration claims were pending."

15. If released, Petitioner will be supported by family and friends in the United States.

## **ARGUMENT**

16. This action arises under the constitution of the United States and the Immigration and Nationality Act ("INA") §§ 101-507, 8 U.S.C. § 1101-1537, amended by the Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-1570, and the administrative Procedure Act ("APA"), 5 U.S.C § 701 et seq.

17. This Court has jurisdiction under 28 U.S.C. §2241, the Suspension Clause, U.S. Const. Art. I § 9, cl. 2, and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and Petitioner's custody is in violation of the constitution, laws, or treaties of the United States. *See Zadvydas*, 566 U.S. 678. This Court may grant relief under 28 U.S.C. § 2241 (habeas corpus), 5 U.S.C. § 702 (establishing the right of review for a person suffering a legal wrong due to agency action), and 28 U.S.C. § 1651 (All Writs Act).

18. Petitioner has exhausted any and all administrative remedies to the extent required by law.

19. The Due Process clause applies to all person in the United States, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. In *Zadvydas*, the Supreme Court emphasized, "[f]reedom from imprisonment-from government custody, detention, or other forms of physical lies at the heart of the liberty that [the Due Process] Clause protect. "533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71,80 (1992)). The Court noted, "[a]statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id:, see also Plyer v. Doe*, 457 U.S. 202, 210 (1982) ("Alien, even aliens whose presence in this country is unlawful, have long been recognized as 'person' guaranteed due process of law by the fifth and fourteen Amendments.").

20. Under 8 U.S.C. § 1231(a)(2), noncitizens subject to final order of removal "shall" be detained during the first 90 days-the "removal period"- and they "shall" be removed during that period under § 1231(a)(1). Under 8 U.S.C. § 1231(a)(6), the government "may" continue detention beyond the 90-day removal period if the noncitizen falls within certain broad categories of removability or is determined "to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6).

21. In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6) to authorize detention only where it is significantly likely that removal will occur in the reasonably foreseeable future, in order to avoid the serious due process concerns that would be presented by permitting detention for an indefinite period of time. *Zadvydas*, 533 U.S. 678. After a noncitizen meets his or her initial burden to show that no such likelihood of removal exist, the burden shifts to the Government to "respond with evidence sufficient to rebut [the alien's] showing." *Id.* at.701.

22. Courts have rejected conclusory claims by ICE agents which claim, without submitting concrete factual information about scheduled flights or repatriation agreements, that removal is imminent. "[A] theoretical possibility of eventually being removed does not satisfy the government's burden once the removal period has expired and the petitioner establishes good reason to believe his removal is not significantly likely in the reasonably foreseeable future." *Balza v. Barr*, No. 6:20-CV-00866, 2020 WL 6143643, at *5 (W.D. La. Sept. 17,2020) (internal quotation marks and citation omitted). "[I]f[ICE] has no idea of when it might reasonably expect [Petitioner] to be repatriated, [a] Court certainly cannot conclude that [a] removal is likely to occur-or even that it might occur-in the reasonably foreseeable future." *Id.* At *5 (internal quotation marks and citation ommited). *See also, Gomez Barco v. Witte*, No. 6:20-CV-00497, 2020 WL 7393786 (W.D. La. Dec. 16,2020) (ordering release of a petitioner who was longer than six months because ICE had not be able to secure

necessary travel documents, nothing that the ICE officer "clearly has no factual basis for his 'belief' that there was no foundation for the "expectation" that the COVID-19 related travel restriction in place would soon be lifted); *Balza v. Barr*, No. 6:20-CV-00866, 2020 WL 6064881 (W.D. La. Oct. 14,2020) (same).[1] In granting MS. Balza's release, the court considered and rejected a conclusory declaration by a local ICE Assistant Field Officer that removal was imminent. *Id. ar.* In *Alexis v. Smith*, the petitioner, Mr. Alexis, had been in detention for almost a year and subject to a removal order for over a year. An ICE official testified to an informal agreement that permitted removals but acknowledged that there were far fewer removals to Haiti in the aftermath of the 2010 hurricane. The Haitian government had an issue with identity documents and it was unknown when that would be resolved. The magistrate did not credit ICE's vague statements that it was "endeavoring to rectify the issue" and concluded there was no end in sight for detention, and recommended release. The District Court Judge agreed and ordered release. ICE then released Mr. Alexis on an Order of Supervised release and moved to get the judgment vacated on mootness, which it was. However, this does not invalidate the reasoning and conclusion of the magistrate Judge and District Court Judge on this subject, and this case is still informative and persuasive to the body of law on this subject. *Alexis v. Smith*, No CIV.A. 11-0309,2011 WL 3924247 (W.D. La. Aug. 3, 2011), report and recommendation adopted, No CIV.A. 11-0309, 2011 WL 3954945 (W.D. La. Sept. 6, 2011), vacated, No CV 11-0309, 2011 WL 13386020 (W.D. La. Sept. 15, 2011).

23. Courts in this District have-pursuant to *Zadvydas*-released individuals who have been detained for over six months. *See, e.g., Gomez Barco*, 2020 WL 7393786 (ordering release of an immigrant detainee who was a native and citizen of Venezuela who was detained longer than six months because ICE had not been able to secure necessary travel documents); *Balza*, 2020 WL 6143643, at. *5 (ordering release of petitioner and noting that "[a]fter more than a year of detention, Petitioner's removal need not necessarily be imminent, but it cannot be speculative") (internal quotation marks omitted).

24. Under *Zadvydas*, courts have found that there is no significant likelihood of removal and granted relief where:

    ◦ No country will accept the petitioner. *See, e.g., Jabir v. Ashcroft*, No. 03-2480, 2004 WL 60318 (E.D. La. Jan. 8, 2004) (granting habeas relief to petitioner detained for more than fourteen months after numerous countries refused to repatriate the petitioner).[2]

    ◦ The petitioner's country of origin refuses to issue a travel document. *See, e.g., Alexis v. Smith*, No. 11-0309,2011 WL 3924247 (w.d. La. Aug. 3, 2011) (granting habeas relief to petitioner determined foe approximately one year due to the Haitian government rejecting the quality of identity documents provided); *Fermine v. Dir. Of Immigr. & Customs Enft*, No. 2:60-cv-1578, 2007 WL 2284606 (W.D. La. May 23, 2007) (granting habeas relief to petitioner detained for fifteen months due to trinidad's refusal to issue travel documents); *Lijadu v. Gonzales*, No. 06-1208, 2006

---

[1]  Other district courts in the fifth Circuit and elsewhere have similarly granted habeas relief when the noncitizen has shown that there is no significant likelihood of removal in the reasonably foreseeable future. *See, e.g., Carreno v. Gillis*, No. 5:20-cv-44-KS-MTP, 2020 WL 8366735 (S.D. Miss Dec. 16, 2020) (granting habeas relief to petitioner detain for approximately sixteen months due to a lack of diplomatic relations with Venezuela); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3D 703 (S.D. Tex. 2020) (granting habeas relief to petitioner initialy detained for three years, released and detained again for four months when petitioner could not be removed due to travel restrictions to Pakistan); *Sharifi v. Gillis* No. 5:20-cv-5-DCB-MTP, 2020 WL 7379211 (S.D. Miss Oct. 9, 2020) (granting habeas relief to petitioner detained for seventeen months after Iranian officials failed to respond to a travel document request for more than seven months).

[2]  *See also Hassoun v. Sessions*, No. 18-CV-586-FPG, 2019 WL 78984, at *4 (W.D.N.Y. Jan. 2, 2019) (ordering release of petitioner detained fourteen months after petitioner showed "that the countries with which he has any affiliation will not accept him"); *Yusupov v. Love*, No. 4:CV-06-1804, 2007 WL 506231 (M.D. Pa. Jan 12, 2007); *Abel-Muhti v. Ashcroft*, 314 F. Supp. 2D 418 (M.D. Pa. 2004) (ordering release of petitioner detained approximately two years after refusal of several countries to accept petitioner).

WL 3933850 (W.D. La. Dec. 18, 2006) (granting habeas relief to petitioner detained nineteen months because Nigeria refused to issue travel documents due to petitioner's HIV status).[3]

- There is no removal agreement between the United States and a country. In these scenarios, courts have found that lack of a formal agreement regarding repatriation, lack of diplomatic relationship, and lack of a functioning government support a finding that there is no significant likelihood of removal. *See, e.g., Negusse v. Gonzales*, No. 06-1382, 2007 WL 708615 (W.D. La. Mar. 1, 2007) (granting habeas relief to petitioner detained for approximately one year because the United States did not have a repatriation agreement with Ethiopia and Ethiopia would not issue travel documents because one of petitioner's parents was not Ethiopian).[4]
- There is either no response from a country designated for removal or a significant delay in receiving a response. *See e.g., Gonzalez-Rondon v. Gillis*, 5:19-cv-109-DCB-MTP, 2020 WL 3428983 (S.D. Miss. June 23, 2020) (granting habeas relief to petitioner detained thirteen months where there eas no response from Venezuela officials).[5]
- ICE fails to take action to secure travel documents for a prolonged period. *See. e.g., Senor*, 401 F. Supp. 3D at 430-31 (granting habeas relief after Ice initially requested travel documents but where "there [wa]s no indication from the record that anyone ha[d] taken any further action in the eight months since that time . . . to facilitate Senor's receipt of the necessary travel documents").[6]

25. As the length of detention grows, the period of time that would be considered the "reasonably foreseeable future" shrinks. *See, e.g., Zadvydas*, 533 U.S. at 701 (stating that as the length of time in detention grows "what counts as the 'reasonably foreseeable future' conversely would have to shrink"); *Senor*, 401 f. Supp. 3D at 430 ("'[T]he passage of time combined with' the 'government [being] no closer to . . . repatriating [a detainee] than they were once they first took him into custody' [is] sufficient to meet that 'initial burden'"); *Lawrikow*, 2009 WL 2905549, at *12.

26. Petitioner's continued detention is unlawful, and petitioner is unlikely to be removed in the

---

3   *See also Ka v. Bureau of Immigr, & Customs Enft*, No. B-07-197, 2008 WL 11462867, at *8 (S.D. Tex. June 24, 2008) (ordering release of petitioner detained twelve months after Senegal "refused to issue Ka a travel document because he d[id] not have proper identity documentation"); *Moreira v. Gonzales*, No. CIVA CV05-588 A, 2006 WL 3861972 (W.D. La. Nov. 2, 2006) (granting habeas relief to petitioner detained for three years because Cape Verde advised that it would not accept the petitioner for repatriation); *Khan v. Gonzales*, 418 F. Supp. 2D 628 (W.D. Tex. 2006).

4   See also Gomez Barco, 2020 Wl 7393786; *Islam v. Kane*, No. CV-11-515-PHX-PGR (LOA), 2011 WL 4374226, at *3 (D. Ariz. Aug. 30, 2011) (ordering release of petitioner detained for ten months where petitioner presented evidence that Bangladesh "is one of fifteen countries identified by ICE as least likely to issue travel documents"); *Carreno*, 2020 WL 8366735; *Simoza Rangel v. Gillis*, No. 5:19-cv-118-DCB-MTP, 2020 WL 7223258 (S.D. Miss. Sept. 2, 2020) (granting habeas relief to petitioner detained for sixteen months due to a lack of diplomatic relations with Venezoela); *Abduelle v. Gonzales*, 422 F. Supp. 2D 774 (w.d. TEX. 2006) (concluding that that the petitioner met the burden to show removal was not reasonably foreseeable after being detained for more than one year when an injunction restricted the government's ability to remove the petitioner to Somalia).

5   *See also Sharifi*, 2020 WL 7379211; *Aung v. Barr*, No. 20cv-681-LJV, 2020 WL 4581465 (W.D.N.Y. Aug. 10, 2020); *Edwards v. Barr*, No. 4:20cv350-WS-MAF, 2020 WL 6747737 (N.D. Fla. Oct. 14, 2020); *Rual v. Barr*, No. 6:20-CV-06215 EAW, 2020 WL 3972319 (W.D.N.Y. July. 14, 2020); *Rudriguez Del Rio v. Price*, No. EP-20-CV-00217-FM, 2020 WL 7680560 (W.D. Tex. Nov 3, 2020); *Singh v. Whitaker*, 362F. Supp. 3D 93 (W.D.N.Y. 2019); Butt v. Holder, No. CA 08-0672-CG-C, 2009 WL 1035354 (S.D. Ala. Mar. 19, 2009) (holding that petitioner met his initial burden where he was held in Ice custody for more than ten months after the issuance of his removal order with no indication from the Pakistani Embassy that travel documents would be issued); *Lawrikow v. Kollus*, No. CV-08-1403-PHX-GMS (LOA), 2009 WL 2905594 (D. Ariz. July. 27, 2009); *Reid v. Crawford*, No. 06-02436 PHX JWS (MEA), 2007 WL 1063413 (D. Ariz. Jan. 31, 2007); *Gui v. Reidge*, No. 3CV031965, 2004 WL 1920719 (M.D. Pa. Aug. 13, 2004); *Shefqet v. Ashcroft*, No. 02C 7737, 2003 WL 1964290 (N.D. III. Apr. 28, 2003).

6   See also Chum Yat Ma v. Asher, No. C11-1797 MJP, 2012 WL 1432229, at *4 (W.D. Wash. Apr. 25, 2012) (ordering petitioner's release where the government failed "to provide any documentation of efforts . . . [for] nearly six months").

reasonably foreseeable future. Therefore, Petitioner's detention violates the statue and he is entitled to immediate release.

27. Petitioner's detention also violates the Due Process Clause. The  Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. Amend. V. "Freedom from imprisonment-from government custody, detention, or other forms of physical restraint-lies at the heart of the liberty" that the  Due Process Clause protects. *Zadvydas*, 533 U.S. at 690 (*citing Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Civil immigration detention violates due Process if it is not reasonably related to its statutory purpose. *See id.* (citing Jackson v. Indiana, 406 U.S. 715, 738 (1972)). In the immigration context, the Supreme Court has recognized only two valid purposes for civil detention: to mitigate the risk of flight and prevent danger to the community. *Id.* Petitioner's prolonged civil detention, which has lasted well beyond the end of the removal period, and which is likely to continue indefinitely, is no longer reasonably\ related to the primary statutory purpose of ensuring imminent removal. Thus, Petitioner's detention violates Petitioner's right to due process.

## PRAYER FOR RELIEF

28. In conclusion, Petitioner's indefinite detention violates the detention statute and is unconstitutional. Petitioner respectfully requests that this court order Respondents to show cause why the writ should not be granted 'within three days unless for good cause additional time, not exceeding twenty days, is allowed, "and set a hearing on this Petition within five days of the return, pursuant to 28 U.S.C. §2243.

29. Grant the Writ of Habeas Corpus ordering Respondents to immediately release Petitioner from their custody.

30. Enter preliminary and permanent injunctive relief enjoining respondents from further unlawful detention of Petitioner.

31. And grant any other and further relief that this Court deems just and proper. Petitioner affirms, under penalty of perjury, that the foregoing is true and correct.


Respectfully submitted,
Signature:    _____


Name : **Nabeel Sadaqat**
A-Number : 22 11 70 894
Detention Center:  Jackson Parish Correctional Center
Address: 287 Industrial Drive, Jonesboro, LA71251


Name:  **Nabeel Sadaqat**
A number: 2211 70 894
Address:  Jackson Parish Correctional Center,
          287 Industrial Drive, Jonesboro, LA71251


PRO SE


## UNITED STATES DISTRICT COURT

In light of the complicated issues involved in habeas cases and Petitioner's inability to adequately present the case at bar, as well as petitioner's likelihood of success on the merits, this court should exercise its discretion to appoint counsel under 18 U.S.C.  3006A(a)(2)(B).

## II. Appointment of Counsel is necessary because discovery is imperative

The rules governing habeas proceedings require the appointment of counsel in certain circumstances.36 Under rule 6(a), 28 U.S.C. foll 2254, a judge must appoint counsel for petitioner if its necessary for effective utilization of the discovery procedures. ICE has information and documents relevant to petitioner's habeas petition, and without the assistance of counsel, Petitioner will not be able to effectively pursue discovery and, as a result, will not adequately present his claims. The aid of an attorney is especially important in this case, given petitioner's lack of familiarity with legal procedure involved in requested and obtaining discovery. Moreover, even if petitioner were to obtain   documents in discovery, without the assistance of counsel, petitioner would not be capable of analyzing them to determine his likelihood of being removed in the foreseeable future.